IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Jeremy Barnard Godfrey, | ) |
|             Plaintiff, | ) |
| v. | ) Civil Action No. 7:25-cv-3784-TMC |
| | ) **ORDER** |
| Angela J. Moss; Usha J. Bridges; Julian Reid; Cora Stevenson-Smith; South Carolina Department of Social Services, | ) |
|             Defendants. | ) |

Plaintiff Jeremy Barnard Godfrey, a *pro se* litigant proceeding *in forma pauperis*, filed this action against Defendants pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was automatically referred to a United States Magistrate Judge for all pretrial proceedings. Now before the court is the magistrate judge's Report and Recommendation ("Report"), (ECF No. 7), recommending that the court dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) without leave to amend and without issuance and service of process, *id*. at 7.[1] Plaintiff filed objections to the Report, (ECF No. 13), and the matter is ripe for review.

**Report**

The Report thoroughly summarizes the facts alleged and the claims asserted in Plaintiff's complaint; the court need not fully restate them here. (ECF No. 7 at 1–3). Briefly, Plaintiff claims that his constitutional rights were abridged by Defendant Angela J. Moss ("Judge Moss"), a family

---

[1] The court must dismiss a complaint filed *in forma pauperis* "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), or presents "frivolous" claims, 28 U.S.C. § 1915(e)(2)(B)(i).

court judge in Spartanburg County, South Carolina, and Defendant Usha J. Bridges ("Judge Bridges"), a state court judge also sitting in Spartanburg County, based on what Plaintiff believes are "unlawful" orders issued by Judges Moss and Bridges. (ECF No. 1 at 2). Plaintiff takes issue with various rulings by the Defendant Judges, including the alleged denial of "multiple requests for a fair speedy trial" and "notices to cease all adoption-related actions and to halt trafficking of trust property (minor beneficiaries)." *Id*. The magistrate judge concluded that "[b]ecause Plaintiff's claims against [Judges] Moss and Bridges relate to their judicial actions taken in a family law matter, which is within their court's jurisdiction, they are entitled to absolute immunity." (ECF No. 7 at 5). To the extent that Plaintiff asserts his claims against the South Carolina Department of Social Services ("DSS"), the magistrate judge concluded that DSS, as a state agency, does not constitute a "person" amenable to suit under § 1983 and, further, is immune from suit under the Eleventh Amendment as an arm of the state. *Id*. at 5–6. More broadly, the magistrate judge determined that Plaintiff's complaint amounts to an attempted end-run around the rulings of the family court in Spartanburg County. *Id*. at 6. To the extent Plaintiff is effectively challenging a final judgment from the South Carolina family court, the magistrate judge concluded the *Rooker-Feldman*[2] doctrine applies and precludes a federal district court from reviewing Plaintiff's claims. *Id*. at 6–7. To the extent Plaintiff's claims are "related to any *currently* pending state family court proceedings," the magistrate judge recommended this court abstain based on the *Younger*[3] abstention doctrine. *Id*. at 7–8. Finally, the magistrate judge found that Plaintiff's claims are premised to some extent on a "sovereign citizen" theory. *Id*. at 8–9. In support of his

---

[2] "The *Rooker–Feldman* doctrine derives its name from *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923)." *Jordahl v. Democratic Party of Virginia*, 122 F.3d 192, 197 n.5 (4th Cir. 1997).
[3] *Younger v. Harris*, 401 U.S. 37 (1971).

2

complaint, Plaintiff submitted an "Affidavit of Trustee Authority" in which Plaintiff declared himself "Trustee" for the "Jeremy Barnard Godfrey Trust" that, according to Plaintiff, "exist[s] outside the jurisdiction of the United States" and enjoys "sovereign status."  (ECF No. 1-2). Plaintiff signed the complaint as "Trustee."  (ECF No. 1 at 3).  As noted in the Report, *see id*. at 8–11, the "sovereign citizen" theory has repeatedly been rejected by federal courts as completely frivolous, *see*, *e.g*., *Gaskins v. South Carolina*, No. 2:15-cv-2589 DCN, 2015 WL 6464440, at *4 (D.S.C. Oct. 26, 2015) ("Courts have repeatedly rejected this baseless 'sovereign citizen' theory of jurisdiction.") (collecting cases).  To the extent Plaintiff's claims are based on this theory, the magistrate judge concluded such claims are subject to summary dismissal as frivolous.  (ECF No. 7 at 11).

Accordingly, the magistrate judge recommends the court dismiss the action without leave to amend and without issuance and service of process.  *Id*. at 11.

## Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter.  *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'"  *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)).  However, the court need only review for clear error "those

portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

## Discussion

Plaintiff, as noted, filed objections to the Report. (ECF Nos. 13). Plaintiff first objects to the application of judicial immunity as to his claims against Judges Moss and Bridges because he seeks injunctive and declaratory relief "to halt further violations" and because he alleges the Defendant Judges acted "in the clear absence of jurisdiction." *Id*. at 2. The court overrules this objection. A judge is typically entitled to absolute judicial immunity for actions taken in an official judicial capacity. *See Mireless v. Waco*, 502 U.S. 9, 11 (1991). As reflected by the scant allegations in the complaint, Plaintiff's claims are based on acts performed by Judges Moss and Bridges in their capacity as state family court judges. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the *clear absence* of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (emphasis added; internal quotation marks omitted). The Supreme Court has illustrated the difference between a judge acting in mere excess of his authority and acting in the clear absence of jurisdiction as follows: "if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of this jurisdiction and would be immune." *Id*. at 357 n.7. The complaint in this case reflects nothing remotely similar to the foregoing illustration. Instead, the allegations here are based on alleged actions taken by the Defendant Judges in furtherance of their judicial duties; Plaintiff is merely disgruntled by what he perceives to be erroneous or improper rulings. The court, therefore, rejects this baseless argument.

The court likewise rejects the argument that Judges Moss and Bridges do not enjoy immunity as to his claims for injunctive relief. Although the Supreme Court in *Pulliam v. Allen* held that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity," 466 U.S. 522, 541–42 (1984), Congress subsequently amended § 1983 in response to *Pulliam* such that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *see Donato Malave v. Abrams*, 547 Fed. App'x 346, 347 (4th Cir. 2013) (recognizing *Pulliam* was abrogated by the Federal Courts Improvement Act of 1996). Plaintiff has failed to allege to a declaratory decree was violated or that declaratory relief was unavailable. Thus, the court concludes this objection lacks merit as well.

Plaintiff objects to the magistrate judge's conclusion that *Younger* abstention is appropriate to the extent that Plaintiff's claims are based on ongoing state proceedings. Specifically, Plaintiff argues that *Younger* abstention is not appropriate here because he has alleged constitutional violations independent of the ongoing state proceedings. (ECF No. 13 at 2). The court overrules this objection. Plaintiff alleges in the complaint that he is involved in "ongoing legal proceedings in Spartanburg Family Court" and appears to take issue with orders issued in connection with those proceedings. (ECF No. 1 at 2). Among other things, Plaintiff wants this court to restore custody of his minor children, effectively reversing the state family court. To the extent these family court proceedings are ongoing, *Younger* abstention is clearly appropriate. *See, e.g.*, *Parsons v. McDaniel*, 784 Fed. App'x 164, 165 (4th Cir. 2019) (applying *Younger* to claims based on ongoing state court custody proceedings); *Patel v. Moss*, No. 7:25-cv-04797-DCC, 2025 WL 1692422, at *3 (D.S.C. June 17, 2025) (same).

6

Plaintiff also objects to the magistrate judge's conclusion that Plaintiff is effectively challenging a judgment from the South Carolina family court and, therefore, his claims are precluded by the *Rooker-Feldman* doctrine. Plaintiff states he is bringing an action within this court's original jurisdiction, not appealing or seeking a reversal of the family court's judgment. (ECF No. 13 at 2). This argument is meritless. Plaintiff "may not escape the jurisdictional bar of *Rooker-Feldman* by merely refashioning its attack on the state court judgments as a § 1983 claim." *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997). To the extent Plaintiff's claims are based on final judgments issued by the state court, the court agrees with the magistrate judge that the *Rooker-Feldman* doctrine precludes review.

Finally, Plaintiff objects to the conclusion in the Report that he is relying upon a "sovereign citizen" theory to support the claims in this case. (ECF No. 13 at 2). Instead, Plaintiff claims he is referring to "non-UCC jurisdiction" and principles of "trust law." *Id*. This objection is non-sensical and frivolous, and the court overrules it.[4]

## Conclusion

For the foregoing reasons, Plaintiff's objections are overruled. The court has reviewed the Report under a *de novo* standard, finds no error in the Report and can discern no basis for deviating from the recommendations in the Report. The court agrees with and **ADOPTS** the magistrate judge's findings, conclusions and recommendations in the Report (ECF No. 7), which is incorporated herein by reference. Accordingly, this action is hereby **DISMISSED** with prejudice, without leave to amend, and without issuance and service of process.

---

[4] The remaining objections not expressly discussed herein do not relate to any findings or conclusions set forth in the Report. Nonetheless, the court has considered them carefully and overrules them.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>Chief United States District Judge

October 28, 2025
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.